UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Civil Action No.: 6:22-cv-02409-PGB-DCI**

STELLA FRANCOIS,

    Plaintiff,

v.

NORTH AMERICAN CREDIT
SERVICES, INC.,

    Defendant.
_____/

**DEFENDANT NORTH AMERICAN CREDIT SERVICES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE BONA FIDE ERROR DEFENSE WITH MEMORANDUM OF LAW**

COMES NOW Defendant, NORTH AMERICAN CREDIT SERVICES, INC. ("NACS") by and through its undersigned counsel, and files its Response in Opposition to Plaintiff's Motion to Strike NACS's *Bona Fide Error* Affirmative Defense [Dk. 15] and under the Federal Rules of Civil Procedure, and in support thereof states:

**I.    Standard under Fed. R. Civ. P. 12(f).**

Upon the motion of a party or on its own, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." *Fed. R. Civ. P. 12(f)*. Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. Although a court has broad discretion when considering a motion to strike, *see Morrison v. Exec. Aircraft Refinishing Co., 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005),* striking a defense from a pleading is a drastic remedy generally disfavored by courts. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011)*. For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of *Rule 8 of the Federal Rules of Civil Procedure. Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-CV-1745-T-30MAP, 2015 U.S. Dist. LEXIS 115448, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015)*.

But district courts disagree over the standard required for pleading affirmative defenses. Some courts have held that affirmative defenses are subject to the heightened pleading standard of *Rule 8(a)* set forth in *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*, and *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). See, e.g., In re Checking Account Overdraft Litig., No. 1:09-MD-02036-*

*JLK*, 307 F.R.D. 656, 2015 U.S. Dist. LEXIS 74667, 2015 WL 3551527, at *19 (S.D. Fla. June 8, 2015); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-21698-CIV, 2010 U.S. Dist. LEXIS 91905, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010); *Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 U.S. Dist. LEXIS 87681, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010). Under this standard, an affirmative defense that "merely offer[s] labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37MCR, 2011 U.S. Dist. LEXIS 79366, 2011 WL 2938467, at *2 (M.D. Fla. July 21, 2011) (citation omitted). Instead, a defense would have to contain enough factual matter to "raise a right to relief above the speculative level." *Id.* (citation omitted).

Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g., Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 U.S. Dist. LEXIS 45923, 2015 WL 1566398, at *2 (S.D. Fla. Apr. 8, 2015); *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 U.S. Dist. LEXIS 146700, 2013 WL 5588140, at *1 (S.D. Fla. Oct. 10, 2013); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 U.S. Dist. LEXIS 160093, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Ramnarine v. CP RE Holdco 2009-1,*

3

*LLC*, No. 12-61716-CIV, 2013 U.S. Dist. LEXIS 60009, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013); *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 U.S. Dist. LEXIS 79366, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011); *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 U.S. Dist. LEXIS 65190, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 U.S. Dist. LEXIS 68158, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).

In support, these courts point to the differences between Rule 8(a), which governs the pleading of claims, and Rules 8(b) and (c), which apply to affirmative defenses. *Sparta,* 2013 U.S. Dist. LEXIS 146700, 2013 WL 5588140, at *2. Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1)(A) provides only that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." *Id.; see also Fed. R. Civ. P. 8(a)(2), (b)(1)(A)*. Similarly, Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." *Sparta,* 2013 U.S. Dist. LEXIS 146700, 2013 WL 5588140, at *2; see also Fed. R. Civ. P. 8(c).

4

Courts offer justifications for applying a less stringent standard to affirmative defenses. First, these courts maintain that the *Twombly* standard is rooted in *Rule 8(a)*'s "showing" requirement. *See, e.g., E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012) (citing cases). As proof, they cite various parts of the *Twombly* opinion, including one particularly telling passage where the United States Supreme Court explains that "Rule 8(a)(2) still requires a '*showing,*' rather than a blanket assertion, of *entitlement to relief*." *Sparta*, 2013 U.S. Dist. LEXIS 146700, 2013 WL 5588140, at *3 (quoting *Twombly*, 550 U.S. at 555 n.3). Juxtaposing the "showing" language in Rule 8(a) with the "stating" language in Rules 8(b) and (c), these same courts then point out the difference between requiring the statement of something and requiring the showing of something:

> "To state" means "[t]o set forth in words; declare," while "to show" refers to the practice of "demonstrat[ing] by reasoning or procedure" or "demonstrat[ing] to by reasoning or procedure; inform[ing] or prov[ing] to: *showed him how to fix the camera; showed her that it could really happen*." Thus, showing requires significantly more than stating alone.

*Id.* (internal citations omitted).

Second, relying on well-settled principles of statutory construction, courts applying a lower pleading standard to affirmative defenses maintain that,

5

> if the drafters of Rule 8 had intended for the "showing" requirement to apply to the pleading of defenses, they knew how to say it, as demonstrated by Rule 8(a), and would have written that requirement into Rules 8(b) and (c). The drafters of Rules 8(b) and (c) having not done so, these courts reason, the judiciary is not free to engraft the "showing" requirement onto these rules itself. Thus, these courts conclude, where, as with Rule 8, the language of the provision being construed is clear, the analysis ends with the language, and the court may not take into account policy considerations.

While the Eleventh Circuit has addressed affirmative defenses, it has not extended the pleading requirements of Rule 8(a) beyond claims. Rather, the appeals court has stressed that notice is the main purpose of Rule 8(c). *See Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir.1988)* ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). In fact, in *Hassan*, the Eleventh Circuit allowed the defendant to raise an affirmative defense it did not even plead because the plaintiff had notice. *Id.; see also Hewitt v. Mobile Research Tech., Inc., 285 F. App'x 694, 696 (11th Cir. 2008)* ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue.").

In *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 2015 U.S. Dist. LEXIS 129365 at *9 (September 15, 2015), Judge K. Michael Moore stated "Based on these rationales, this Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses. Such an approach is faithful both to the letter and the spirit of *Rules 8(b)* and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent."

## II.     Motions to Strike Are Disfavored

However, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962)). "A motion to strike an affirmative defense will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Seybold v. Clapis,* 966 F. Supp. 2d 1312, 1314 (M.D. Fla. 2013) (quoting *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)*)*. A motion to strike is a drastic remedy generally disfavored by the courts and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law. *Guarantee Ins. Co., v. Brand Mgmt. Service, Inc.*, No. 12-61670-CIV, 2013 U.S. Dist. LEXIS 119439, 2013 WL

4496510 * 2 (S.D. Fla.); *Guididas v. Community National Bank Corp.*, No. 8:11-cv-2545-T-30TBM, 2013 U.S. Dist. LEXIS 8474, 2013 WL 230243 * 1 (M.D. Fla.); *Gesell v. K-Mart Corp.*, No. 2:11-cv-130-FtM-36SPC, 2011 U.S. Dist. LEXIS 92405, 2011 WL 3628878 * 1 (M.D. Fla.); *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-20MCR, 2006 U.S. Dist. LEXIS 60319, 2006 WL 2474042 * 2 (M.D. Fla.).

In *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995), the court explained that it would "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Because this is a difficult standard to satisfy, **"[m]otions to strike are generally disfavored by the Court and are often considered time wasters."** *Somerset Pharms., Inc., v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996). When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Florida Software Systems v. Columbia/HCA Healthcare Corp.*, No. 97-2866-cv-T-17B, 1999 U.S. Dist. LEXIS 15294, 1999 WL 781812 *1 (M.D. Fla.). "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683

(M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

### III. <u>Affirmative Defense under the FDCPA</u>

Regularly, the federal district courts within the Middle District of Florida preside over lawsuits asserting violations of the federal Fair Debt Collection Practices Act ("FDCPA") and similar claims under Florida's Consumer Collection Practices Act ("FCCPA"). These lawsuits are normally filed by the same consumer protection lawyers and also defended by the same debt collection defense lawyers. Those individuals regularly file affidavits in support of attorney fee entitlement asserting their experience in the areas of consumer protection litigation, including knowledge and experience in litigating FDCPA/FCCPA claims.

In this case, Plaintiff's counsel has filed hundreds of lawsuits with the federal courts in the State of Florida asserting violations of the FDCPA and/or FCCPA. Nearly all of the lawsuits were met with the assertion of the standard affirmative defense contained in each statute commonly recognized as the "bona fide error" defense. Therefore, based on this firm's FDCPA experience, the raising of the "bona fide error" defense and its elements of proof should not be unfamiliar to them.

### A.  FDCPA Bona Fide Error Defense

On January 24, 2023, Plaintiff's filed a Motion to Strike only one of the eight affirmative defenses listed in Defendant's Answer filed on January 3, 2023. Experienced litigators of consumer protection statutes, particularly the Fair Debt Collection Practices Act ("FDCPA") and Florida's Consumer Collection Practices Act ("FCCPA"), should be at least generally familiar with the statutes' "bona fide error" defense.  As such, courts have considered similar attempts to strike this defense in FDCPA and FCCPA litigation. For example, in *Gonzalez v. Midland Credit Mgmt., Inc.,* No. 6:13-CV-1576-ORL-37TBS, 2013 U.S. Dist. LEXIS 160093, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) and *George v. Leading Edge Recovery Solutions*, LLC, 2013 U.S. Dist. LEXIS 100602 *; 2013 WL 3777034 (M.D. Fla.  July 18, 2013) are examples of rulings on denying motions to strike this basic affirmative defense pursuant to the FDCPA and/or FCCPA. In *Gonzalez,* the defendant Midland, asserted as follows:

> FOURTH DEFENSE
>
> *Any violation of the FCCPA or FDCPA, which Midland denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.*

This recitation is not only the elements of proof for the affirmative defense but also the language from the statutes themselves. The Court in *Gonzalez* found that Defendant's affirmative defenses provided Plaintiff with **fair notice** of what affirmative defenses Defendant intends to raise and thus denied Plaintiff's motion to strike. Similarly, Judge Bucklew in *George,* held the same.  Here, Defendant's Eighth Affirmative Defense addresses the "bona fide error" for the FDCPA.

> **Eighth Affirmative Defense**
>
> Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of the Fair Debt Collection Practices Act (FDCPA) because such actions or inactions, if they occurred were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

In *George v. Leading Edge Recovery Solutions*, LLC, 2013 U.S. Dist. LEXIS 100602 *; 2013 WL 3777034 (M.D. Fla. July 18, 2013) the Court stated "*These assertions are legally sufficient to place Plaintiffs on fair notice of the facts and grounds of the defense. Plaintiffs' motion to strike the third*

*affirmative defense is denied. See also: Harris v. Nationstar Mortgage, LLC,* 2014 U.S. Dist. LEXIS 66346 * (M.D. Fla. April 23, 2014)[1]

The affirmative defense statement satisfies the "notice pleading" requirement of Rule 8(c) and any additional factual support or investigation to support the defense should be accomplished during the discovery phrase of the case. On January 27, 2023, the Court issued its Scheduling Order which allows the Parties to conduct discovery until February 5, 2024. [Dk. 16] As it is common practice with Plaintiff's firm, Plaintiff's counsel will serve interrogatories upon the Defendant seeking the basis of the bona fide error defense and the documented policies and procedures which support the defense.

Section 1692k(c) of the FDCPA provides for the "bona fide error" defense. 15 U.S.C. § 1692k(c). "A debt collector asserting the bona fide error defense must show by a preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) occurred despite the maintenance of procedures reasonably adapted to avoid any such error."

---

[1] Recently, two Plaintiffs *pro se* attempted to file motions to strike for the same reason and strategy. Both motions were denied accordingly. See: Ex. 1: *Macajoux v. HRRG*, Case No. 1:22-cv-02588-SDG-JEM (N.D. Ga. Atl. November 8, 2022); Ex 2: *Nelson v. Caine & Weiner Company*, 1:22-cv-02587-MLB-RDC (N.D. Ga. October 21, 2022)

*Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009) (citing *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006)). Also, the FCCPA provides for the bona fide error defense. Fla. Stat. § 559.77(3) ("A person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.").

Despite Plaintiff's allegation that Defendant's affirmative defense is legally insufficient, Defendant has pleaded the three elements necessary to establish the bona fide error defense. At this early stage of the litigation and without the benefit of discovery, it is too early to know whether Defendant can establish this defense by a preponderance of the evidence. As Rules 8(b) and 8(c) do not require Defendant to plead detailed factual allegations, Defendant's affirmative defense sufficiently puts Plaintiff on notice of the defense. Accordingly, Defendant respectfully requests that Plaintiff's motion to strike Defendant's affirmative defense should be denied. *See also*: *Harris v. Nationstar Mortgage, LLC,* 2014 U.S. Dist. LEXIS 66346 (M.D. Fla. April 23, 2014)

Significant time and expense has been incurred to discuss and attempt to resolve any issues relating to the affirmative defenses and certainly, given

counsel's practice areas, experience, and anticipated interrogatories seeking factual information in discovery, the exercise of opposing a motion to strike is a waste of time and resources for both the court and the Defendant. Therefore, Defendant requests the court to deny Plaintiff's motion to strike the affirmative defense for "bona fide error." If the court is inclined to grant Plaintiff's motion, Defendant requests leave to amend accordingly.

WHEREFORE, based on the foregoing, Defendant, NORTH AMERICAN CREDIT SERVICES, INC., respectfully requests the Court to deny Plaintiff's Motion to Strike Defendant's Eighth Affirmative Defense. In the alternative, if the Court finds the stated Affirmative Defense to be insufficient, Defendant requests leave to amend the subject affirmative defense(s) to revise accordingly.

**Dated: February 7, 2023**

                                       Respectfully submitted,

                                       */s/ Ernest H. Kohlmyer, III*
                                       Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **February 7, 2023,** via the Clerk of Court's CM/ECF system, which will provide electronic notice to all counsel of record.

>  */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 0110108
> Georgia Bar No. 427760
> *SKohlmyer@shepardfirm.com*
> *Service@shepardfirm.com*
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Parkway, Suite 100
> Maitland, Florida 32751
> Phone: (407) 622-1772
> Fax: (407) 622-1884
> *Attorneys for Defendant*